

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

July 26, 2017

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Alexander v. Decker*, 17-cv-5002 (JMF)

Dear Judge Furman:

      This office represents the government in this matter, in which petitioner Erron Alexander seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention by ICE. On July 10, 2017, the Court adopted the parties' proposed briefing schedule, under which the government's opposition to the habeas petition would be due by July 28, 2017, and the petitioner's reply due by August 11, 2017. Due to recent developments in the case, the parties respectfully request that the Court either stay or vacate the briefing schedule to allow the petitioner time to determine whether and how to proceed. If acceptable to the Court, the parties will inform the Court by August 4, 2017, how they wish to proceed with this case.

      Briefly, ICE arrested and detained the petitioner in March 2015, and placed him into removal proceedings. Following the Second Circuit's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), the petitioner received a bond hearing in December 2015, at which an immigration judge denied bond. The Board of Immigration Appeals ("BIA") later affirmed that decision. In June 2016, the immigration judge ordered the petitioner removed, and in November 2016, the BIA dismissed the petitioner's appeal, rendering his removal order administratively final. The petitioner timely filed a petition for review with the Second Circuit at the end of November 2016, and he later filed a motion seeking a stay of removal in December 2016, which ICE opposed. The petitioner's filing of a petition for review and a stay motion triggered the government's forbearance policy, under which ICE agrees to forbear removal until the Second Circuit rules on the stay motion.

      The petitioner later requested another bond hearing, and on July 3, 2017, the petitioner appeared before an immigration judge. The petitioner argued that he was eligible to receive another bond hearing, notwithstanding the fact that he had an administratively final removal order, because his detention allegedly shifted from 8 U.S.C. § 1231 (post-order detention) to 8 U.S.C. § 1226(c) (pre-order detention) on account of the government's forbearance policy. The immigration judge adjourned that hearing to permit ICE time to file its position. On that

The Honorable Jesse M. Furman
July 26, 2017
Page 2

same day, the petitioner filed his habeas petition in this Court seeking an order requiring that he either be released or given another bond hearing.

On July 10, 2017, the Second Circuit granted the petitioner's motion for a stay of removal. In light of that development, the government's position in this case is that the petitioner's detention is now governed by 8 U.S.C. § 1226(c), instead of § 1231, and so the immigration judge would have jurisdiction over the petitioner's custody (but the government disagrees that the immigration judge would have had jurisdiction on account of the forbearance policy).

On July 14, 2017, the petitioner reappeared before the immigration judge for a continuation of his custody redetermination hearing, but that hearing was ultimately adjourned until July 20, 2017. At the July 20 hearing, the immigration judge stated that *Lora* does not provide a requirement for additional bond hearings upon a showing of a material change in circumstances, but further stated that even if *Lora* provided for such a review, there was no material change in circumstances here calling for a change in bond terms. The petitioner reserved appeal, and his notice of appeal to the BIA is due by August 21, 2017.

In light of the above, the government believes that the current petition is moot. The parties have conferred, and the petitioner has requested some time to determine how to proceed, which the government has no objection to. Accordingly, the parties respectfully request that the Court either stay or vacate the current briefing schedule, and, if acceptable to the Court, the parties will provide the Court with an update by August 4.

We thank the Court for its consideration of this request.

Respectfully,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By:   /s/ *Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.   (212) 637-2741
Fax   (212) 637-2786

cc:   Craig Relles, Esq. (by ECF)
      *Counsel for Petitioner*